## Kingman Plow Co. v. Peoria Scrap Iron Co.

1. Set-off—*When Not To Be Allowed Under the General Issue—Recoupment.*—Where two contracts of sale of different articles of merchandise are made by the same parties and one suit is brought upon both, the vendee may recoup against the demand for the price of either sale, any loss he may have sustained by its not being equal to what it was contracted to be, but he can not, under a plea of the general issue, set off such loss against the purchase price of the articles bought under the prior contract.

Assumpsit, for merchandise sold and delivered. Appeal from the County Court of Peoria County; the Hon. Robert H. Lovett, Judge, presiding. Heard in this court at the April term, 1901. Reversed and remanded. Opinion filed July 12, 1901.

Arthur Keithley, attorney for appellant.

Joseph A. Weil, attorney for appellee.

Mr. Presiding Justice Dibell delivered the opinion of the court.

The Kingman Plow Company brought this suit in assumpsit against the Peoria Scrap Iron Company, and filed the common counts. Defendant pleaded the general issue. The jury returned a verdict for defendant, a motion for a new trial was denied, and defendant had judgment for costs. Plaintiff appeals.

Plaintiff claims it sold and delivered six old boilers and an old engine to defendant for scrap iron at $10 per ton, and having received nothing for them it brings this suit to recover the purchase price. The boilers were delivered from certain freight cars, and seven boilers were so delivered. The seventh boiler was larger than the others, and plaintiff claimed it did not sell it, and that it was delivered to defendant by mistake, and plaintiff required it to be reshipped to it, offering to pay the extra expense connected with unloading and reloading the seventh boiler. Defendant returned the seventh boiler to plaintiff. Defendant, however, claims it bought boilers without any particular

number being specified; that it did not buy any engine in the first contract; that when plaintiff demanded back the seventh boiler, another contract was made by which defendant agreed with plaintiff to exchange the seventh boiler for an engine then in transit to plaintiff from Monmouth; that plaintiff described the engine as "a complete engine;" that when received by defendant the fly wheel of the engine was cracked and it was unfit for use as an engine; that the cost of a new fly wheel would exceed all it owed plaintiff for boilers and engine, and that it could recoup that sum under the pleadings.

We are satisfied from the evidence that the statement that this was a complete engine, did not mean and was not and could not have been understood to mean, a sound engine in good order fit to be operated as an engine, but only that it had all the parts of an engine. The evidence plainly shows the parties were dealing only in scrap iron. The engine had been named in the original written proposal made by plaintiff to defendant in connection with the boilers, as "an old engine." It is absurd to suppose that defendant expected, or had reasonable grounds to expect, to get a workable engine in good order in exchange for an old boiler it had previously bought for scrap iron. Its officer who made the second contract, if there was one, had never seen the engine, and knew nothing of its size or capacity, and made no inquiry on that subject. If he had been buying it as a workable engine he would have been interested in its size and power. As scrap iron he was only interested in its weight.

Defendant has received six boilers and an engine and has paid nothing for them, and by this judgment is relieved from paying for them. Defendant did not buy a new fly wheel for the engine, nor did it return the engine to plaintiff, nor is it able to do so. It sold the engine, and its officer who sold it could not remember what he received for it. The judgment is manifestly unjust. Moreover, if defendant is correct that two entirely separate contracts were made, then while it could recoup against the demand

for the price of the engine any loss defendant met by its not being equal to what it was contracted to be, yet defendant could not, under the general issue, set off that loss against the purchase price of the boilers bought under a prior contract. The judgment is reversed and the cause remanded for a new trial.

Reversed and remanded.